PEARSON, J.
(Rev. 3/5/2019)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:20-CR-228 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WAYNE NORRIS, | ) | |
| | ) | **CRIMINAL PRETRIAL** |
| Defendant. | ) | **AND TRIAL ORDER** |

Trial of this matter shall begin on **June 1, 2020 at 9:00 a.m.**, in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio.  Counsel should appear at least 30 minutes before trial time.  **LEAD COUNSEL AND DEFENDANTS MUST BE PRESENT AT ALL PROCEEDINGS UNLESS EXCUSED BY THE COURT UPON WRITTEN MOTION.**

### A.  General

**1.** General Order No. 93-02 of the United States District Court for the Northern District of Ohio, adopted May 25, 1993 (Jury Utilization Management Plan), provides that "plea negotiations must be completed by a date certain in advance of the scheduled trial." *Id.* at 4. Accordingly, the Court will rarely accept a plea agreement submitted later than one week prior to the trial date.  In the event the Court does accept such a plea on the day of trial, for good cause shown, the costs for summoning jurors for one (1) day of service shall be assessed equally against the Government and the Defendant(s), if a jury has been summoned, unless a different arrangement is agreed to by the parties.

(1:20-CR-228)

The Court does not generally accept Fed. R. Crim. P. 11(c)(1)(C) binding plea agreements that provide for the imposition of an agreed sentence if the Court accepts the plea agreement.

**2.** If the parties believe that this case should be placed on the illegal reentry expedited track, they shall file a written motion to request designation as expedited. The motion shall include the anticipated advisory guidelines range and the applicable 18 U.S.C. § 3553(a) factors counsel believes encourages a sentence outside of that guideline range and why the dates as currently set will not allow a sufficient not greater than necessary sentence to be imposed.

**3.** Motions to travel that are filed within 48 hours of the requested travel are subject to automatic denial. Motions must indicate whether the Assistant U.S. Attorney objects or explain why the Assistant U.S. Attorney has not been consulted. The Court reserves the right to modify these terms *sua sponte* on a case by case basis.

**4.** Pursuant to Local Criminal Rule 17.1.1 counsel shall comply with each of the following requirements:

    a.    Discovery shall be completed no later than 21 days before the Final Pretrial Conference, or **April 28, 2020.** On the discovery cutoff date, counsel shall notify the Court in writing of any failure to provide discovery material. Requests for discovery shall be docketed as "Notices." Only when Court intervention is required shall a request for discovery be docketed as a "Motion."

    b.    Pretrial motions shall be filed no later than 14 days before the Final Pretrial Conference, or **May 5, 2020.** Each motion shall explicitly state the foundation for it, pursuant to Local Criminal Rule 12.1. Responses to pretrial motions shall be filed no later than seven days before the Final Pretrial Conference, or **May 12, 2020.**

    c.    The Court shall conduct a Final Pretrial Conference in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market

(1:20-CR-228)

Street, Youngstown, Ohio on **May 19, 2020 at 11:30 a.m.** Other pretrial hearings will be scheduled as needed. Before seeking an enhanced sentence or other increased punishment due to a prior conviction, before Trial or before entry of plea of guilty, Government's counsel must file a notice in accordance with 21 U.S.C. § 851 or any other relevant enhancement provision. Should Defendant choose to enter a plea of guilty, a Notice of Intent must be filed at least two business days prior to the final pretrial conference and a copy of the plea agreement, if any, provided to the Court *via* email to Judy_Guyer@ohnd.uscourts.gov.

### B. Trial Documents

1. Counsel are advised that all documents, notices and orders in this matter shall be filed electronically rather than on paper, except as provided for in the Electronic Filing Policies and Procedures Manual, which governs electronic filing in the Northern District of Ohio and also provides helpful information on system requirements and usage. The manual can be accessed online.[1] Electronically filed documents should be in a text-searchable format.

Notice of filings are sent electronically. It is the responsibility of each counsel of record to set up a user e-mail account to receive e-mail notification and to check that e-mail account on a regular basis. Directions for setting up e-mail notification are at the following link:

**http://www.ohnd.uscourts.gov/home/clerk-s-office-and-court-records/electronic-filing/**

If you have questions about electronic filing, please call any Northern District of Ohio Clerk's Office location or our CM/ECF Help Desk at 1-800-355-8498.

2. The following trial documents are to be submitted to the Court not later than 4:00 p.m., **ten (10) days** prior to the trial date:

---

[1]**http://www.ohnd.uscourts.gov/assets/Rules_and_Orders/Local_Civil_Rules/Local_Civil_Rules.htm**

(1:20-CR-228)

    a.    Preliminary Statement: Counsel for the parties shall confer in person and agree upon a concise written statement describing the case in an impartial, easily understood manner and submit it to the Court to be read to the jury panel prior to *voir dire*. This statement will be used to set the context of the trial for the jury.

    b.    Voir Dire, Jury Instructions, Jury Interrogatories, and Verdict Forms: Counsel for the parties shall jointly submit written *voir dire* questions, jury instructions, jury interrogatories, and verdict forms for the Court's consideration. Counsel should confer in person and, to the extent possible, agree upon a complete set of Jury Materials. Counsel may separately submit disputed proposed Jury Materials to the Court and opposing counsel, supported by legal authority. The Court may reject any proposed Jury Materials. The Court will reject any proposed Jury Materials espousing a legal theory that is not supported by a citation to sound legal authority. Ultimately, a single joint submission of jury instructions, jury interrogatories and verdict forms shall be filed, providing: (1) agreed upon instructions; (2) instructions proposed by the government, but opposed by defendant; and (3) instructions proposed by defendant, but opposed by the government. All proposed instructions shall be supported by citations to legal authority.

    c.    Trial Briefs: Counsel for the parties shall submit to the Court, *ex parte* if necessary, trial briefs providing appropriate memoranda, supported by legal authority, regarding evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial. A complete trial brief includes: (1) a statement of the facts; (2) a complete discussion of the controlling law together with specific citations of statutes and case law; and (3) a discussion of any evidentiary issues likely to arise at trial.

**3. Witness lists:** Counsel shall provide to the Court, not exchange, witness lists **no later than three (3) business days** prior to the trial date. The witness lists shall provide a brief description and the purpose of each witness to be offered. Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness.

(1:20-CR-228)

    **4. Exhibits:** All exhibits must be marked before trial in accordance with Local Criminal Rule 23.2. The Court is using new technology to facilitate the viewing of exhibits by jurors. Each party must submit all exhibits on a single storage device such as a CD, DVD or USB drive. A separate CD or USB drive should be provided for the Government's Exhibits, Defendant's Exhibits, and any Joint Exhibits. Each party must send the exhibits to Chambers in a manner that guarantees receipt of the exhibits by **noon on Friday before trial commences**.

    The electronic copies of exhibits must be named using a naming convention similar to:<exhibit number>-<exhibit part>_<exhibit description>.<file extension>. The exhibit number MUST be a number. Exhibits with subparts can be so designated using a letter for the exhibit part. The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

    Examples of valid exhibit file names:

        1-a_photograph.jpg

        12_2009 Tax Statement.pdf

        35d.pdf

        12(a)_camera footage.wmv

    Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

    To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS. Counsel shall mark all exhibits before trial with official or similar stickers. Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Government 1" or "Def 2"). The case number shall also appear on the

(1:20-CR-228)

stickers.  Whenever a multi-page exhibit is used, each page of the exhibit must be separately numbered.  For example, if the Government's exhibit 1 is a three-page document, the first page should be marked as Government 1-1, the second page marked Government 1-2, etc.  If there are multiple defendants, the party's last name should precede the numbers or letters (*e.g.*,"Deft. Jones-1001").  Exhibit stickers are available from the Clerk on request.

The Court no longer requires binders containing hard copies of exhibits, in addition to the electronic copies provided.  Should the Court require hard copies, the parties shall be prepared to accommodate.

If demonstrative evidence such as models or sketches, are to be used at trial, counsel shall exchange them no later than two (2) business days prior to the date of trial.

The Court will not allow exhibits to be given to the jury during trial without prior Court approval.  If the Court approves such a request, sufficient copies for each juror must be provided so all jurors may view the exhibit simultaneously.  Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause. This rule applies to lay witnesses as well as to expert witnesses.

**5.  Stipulations:**  Not later than 4:00 p.m., **three (3) days** prior to the trial date, counsel for the parties shall confer in person and agree upon stipulations and reduce them to writing. Stipulations of fact are strongly encouraged to eliminate the need for testimony of witnesses to facts which are not in dispute.  Stipulations shall be signed by counsel and defendant(s) and submitted to the Court.

### C. Other Trial Matters

(1:20-CR-228)

    **1. Objections:** Any objections to a proposed witness or exhibit shall be filed and served no later than 12:00 p.m. noon one (1) business day before the trial. Such objections shall include a brief statement as to why the proposed witness or exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

    **2. Jencks and Reciprocal Jencks Material:** Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide Jencks and reciprocal Jencks material no later than the close of proceedings the day before the witness is expected to testify.

    **2. Motions *in Limine* and Other Evidentiary Matters:** Motions *in limine* (other than those addressed to documentary evidence (*see* Section D.1. above on objections to exhibits) and expert witnesses) shall be filed fourteen (14) days prior to trial. Responses to motions *in limine* shall be filed seven (7) days thereafter. No reply memoranda will be allowed absent prior leave of Court.

    If the qualifications of an expert witness are being challenged, the Court will conduct a *Daubert* hearing before trial. The Court expects counsel to submit thorough briefs and/or a *voir dire* of the expert's testimony so that the Court has sufficient evidence to perform it's gatekeeping function of ensuring the expert's testimony is reliable and relevant.

    The Court will not hold bench or Chamber conferences during trial to consider legal issues, including evidentiary rulings that could have been raised before trial, without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.

    **4. Courtroom Conduct and Procedure:**

(1:20-CR-228)

    a.    Counsel should expect the trial to be conducted from 9:00 a.m. to 4:00 p.m., Monday through Friday.  Counsel will be notified of an occasional variance to this schedule;

    b.    Counsel should arrive 30 minutes prior to the start of a day in trial;

    c.    When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

        i.    Stand as court is opened, recessed or adjourned.

        ii.    Stand when the jury enters or retires from the courtroom.

        iii.    Stand when addressing the Court.  When making an objection, state the legal basis only.  If a response is necessary, be brief, without making a speech.  If it is **critical** to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection.  Otherwise, bench conferences will not be permitted.

        iv.    Stand at the lectern while examining any witness; except that counsel may approach the witness for purposes of handling or tendering exhibits.

        v.    Stand at the lectern while making opening statements or closing arguments.

        vi.    Address all remarks to the Court, not to opposing counsel.

        vii.    Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

        viii.    Refer to all persons, including witnesses, other counsel, the parties and the Court's clerks by their surnames and not by their first or given names.

        ix.    Only one attorney for each party shall examine, or cross examine each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

(1:20-CR-228)

      x.    Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes. If a new witness is to be called, he/she must be standing in front of the witness box ready to be sworn.

      xi.    In examining a witness, counsel shall not unnecessarily repeat or echo the answer given by the witness.

      xii.    Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

**5. Continuances:** The Court will not continue a trial or hearing without a written motion stating the reason for the request. A motion for continuance due to a conflict of trial assignment dates will not be considered unless the conflicting assignment is adequately described in the motion. The motion shall be filed and served not less that fifteen (15) days after counsel becomes aware of the conflict, and not less that thirty (30) days before trial.

**6. Conduct of Counsel:** In addition to that provided herein, pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

**7. Location of Counsel:** Counsel are required to remain in the proximity of the Courtroom during jury deliberations. If you need to leave the immediate area, you are required to report to the Courtroom Deputy.

(1:20-CR-228)

    **8. Incarcerated Defendants**: Counsel must provide proper attire for defendants in custody. The attire must be given to the United States Marshals Service in Youngstown, Ohio prior to *voir dire*.

    **9. Video Conference Technology:** Witness testimony may be offered during trial *via* Video Conference Technology. Docketed Notice must be given of intent to call a witness *via* video conference at least one week prior to the start of trial. It is Counsel's responsibility to find a location for the witness to receive a video conference call from the Court during trial. Counsel is required to work with the Court's IT Department and Courtroom Deputy in advance of trial to test the technology and ensure the video conference communication works in the courtroom. It is also Counsel's responsibility to ensure that the witness, Court and opposing counsel have all necessary exhibits. Counsel must be prepared to assure the Court that the witness is who he or she claims to be. Counsel implicitly makes this assurance whenever a witness is called. But, the likelihood of a video conferenced witness being an imposter is greater than if the witness were live.

    **10. Courtroom Technology:** The courtroom has recently been upgraded to replace the analog VGA based video equipment with digital HDMI. Legacy VGA based laptops can still be displayed in the courtroom *via* a connection at the presenter cart only. Counsel are strongly urged to schedule an appointment with the Court's IT Department to review the electronics and ensure that their laptops are configured for the system. Additional information regarding the electronic courtroom is available at the following link:

    http://www.ohnd.uscourts.gov/home/courtroom-support/courtroom-technology/

(1:20-CR-228)

      **11.  Notices of Intent to Plead Guilty:**  shall be filed at least two business days before the final pretrial hearing, unless the Court otherwise rules.  The Notice shall inform the Court if the parties have entered into a Fed. R. Crim. P. 11(c)(1)(C) binding plea agreement.

      IT IS SO ORDERED.

   March 27, 2020                           /s/ *Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                              United States District Judge