PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-CR-228 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WAYNE NORRIS, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

Pursuant to General Order 2020-05-2, issued on April 20, 2020, which extends the moratorium on jury trials until after June 12, 2020 due to COVID-19 and related precautions, the Court hereby continues the June 1, 2020 Trial date in this matter, and undertakes the following analysis in order to avoid running afoul of the speedy trial requirements.

In determining whether continuing a trial date serves the ends of justice, the Court must consider certain factors outlined in 18 U.S.C. § 3161(h)(7)(B). The Court considers the following factors, among others:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of

(1:20-CR-228)

counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B) .

Having considered the factors above and finding that no prejudice results from continuing the trial date pursuant to General Order 2020-05-2, the Court finds that the ends of justice served in continuing the Trial date in the instant matter outweighs the best interests of the public and Defendant in proceeding more speedily.  The Final Pretrial Conference is reset for **July 21, 2020 at 1:30 p.m.** and Trial is reset for **August 10, 2020 at 9:00 a.m.**  The Criminal Pretrial and Trial Order previously issued, ECF No. 11, remains in effect in all other respects.  All new due dates shall be calculated by counsel so that the parties comply with the time frames set by the Criminal Pretrial and Trial Order, unless otherwise ordered, in addition to all other obligations imposed by that Order.

Should a party object to the continuance of the Trial date, such objection must be filed on the docket no later than seven days from the date of this Order.  If the objection sets forth a conflict with the Final Pretrial Conference or Trial dates, counsel shall consult and include with the objection three mutually agreeable dates for resetting of the Final Pretrial Conference and Trial.

    IT IS SO ORDERED.

    April 24, 2020                                  */s/ Benita Y. Pearson*
Date                                               Benita Y. Pearson
                                                       United States District Judge