IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-CR-228 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MEMORANDUM |
| WAYNE NORRIS, | ) | IN RESPONSE TO THE DEFENDANT'S |
| | ) | MOTION FOR RELEASE |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Kevin P. Pierce, Assistant United States Attorney, and hereby responds to Defendant Wayne Norris' motions for release.

A detention hearing "may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

To reopen a proceeding, a defendant must first establish that the information was not previously known to him. Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event. See *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam).  The United States contends that there is not a showing of a changed circumstances presently before the Court.

Also, under the Bail Reform Act, 18 U.S.C. § 3142(i), "[t]he judicial officer may, by subsequent order, permit the temporary release of [a pretrial detainee], in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  A temporary release under § 3142(i) does not disturb the original detention order; nor is it a release from custody. *United States v. Bothra*, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020).  The defendant has the burden of establishing circumstances warranting temporary release pursuant to § 3142(i). *Id* at *2.

Here, the Defendant moves for his release on unsecured bond with conditions of house arrest and location monitoring pursuant to 18 U.S.C. § 3142(b), (f)(2)(B), or (i).

If the Court is convinced that the Defendant established that his medical concerns are a "compelling reason," the United States would not oppose the Defendant's release under 18 U.S.C. § 3142(i), if the Defendant's release was "temporary," he was placed under strict pre-trial supervision, and conditions of his release were narrow enough to satisfy the Court of its duty to protect the community.  In other words, the United States would not oppose the Defendant's release if the Court crafted a narrowly tailored release plan in which the Defendant was released to Pre-Trial Services, placed on 24/7 electronic monitoring and returned to custody at his plea/sentencing date.

2



Ultimately, the United States recognizes that, under 18 U.S.C. § 3142(f) and (i), the discretion to release a defendant on pre-trial supervision rests with the District Court. If the Court believes the Defendant's medical needs are a "compelling reason" and could craft a narrowly tailored release plan for the Defendant, the United States would not oppose his "temporary" release.

                                            Respectfully submitted,

                                            JUSTIN E. HERDMAN
                                            United States Attorney

By:   /s/ Kevin P. Pierce
       Kevin P. Pierce (PA: 312492)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3758
       (216) 522-8355 (facsimile)
       Kevin.pierce@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of June 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                /s/ Kevin P. Pierce
                                                Kevin P. Pierce
                                                Assistant U.S. Attorney