IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20CR228 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BENITA Y. PEARSON |
| vs. | : | |
| | : | **SUPPLEMENT TO DEFENDANT'S** |
| WAYNE NORRIS, | : | **MOTION FOR SENTENCING** |
| | : | **REDUCTION UNDER 18 U.S.C. §** |
| Defendant. | : | **3582(c)(1)(A)(i) FOR COMPASSIONATE** |
| | : | **RELEASE DUE TO COVID-19** |
| | : | **CIRCUMSTANCES** |

Defendant Wayne Norris, through undersigned counsel, respectfully moves this Court to grant his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by his vulnerability to the novel coronavirus (COVID-19). Mr. Norris is diagnosed with two conditions placing him at enhanced risk. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ These conditions place him at an enhanced risk of severe illness or death. Mr. Norris is designated to FCI Beckley, where there is reporting of positive cases among both inmates and staff. *See* FED. BUREAU OF PRISONS, COVID-19 RESOURCE PAGE, https://www.bop.gov/coronavirus/. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


*/s/Khalida A. Sims*
KHALIDA A. SIMS

1

Assistant Federal Public Defender
Ohio Bar: 0090054
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: khalida_sims@fd.org

**MEMORANDUM IN SUPPORT**

I.    **Facts and Procedural History:**

On March 19, 2020, Wayne Norris was indicted on a single count of possession with the intent to distribute cocaine, in violation of 18 U.S.C. §841(a)(1) and (b)(1)(B). (R. 3). On April 29, 2020, Mr. Norris filed a Notice of Intent to Plea with Proposed Plea Agreement. (R. 16). A Presentence Investigation Report ("PSR") was prepared and calculates Mr. Norris's guideline range at 57-71 months, with a Total Offense Level of 21 and a Criminal History Category IV, subject to any mandatory term. (R. 31: PSR, ¶ 67). On August 18, 2020, Mr. Norris was sentenced to the custody of the Bureau of Prisons for a term of 51 months as to Count 1 of the Indictment with an 8-year term of supervised release. (R. 43).

On February 19, 2021, Mr. Norris filed a Motion to Reduce Sentence. (R. 45). On March 1, 2021, the Government's Response in Opposition to Mr. Norris' Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(ii) was filed. (R. 46). On March 2, the Federal Defender's Office was appointed for Mr. Norris re: Motion to Reduce Sentence/Request for Compassionate Release r: First Step Act of 2018 (COVID-19).

II.   **Mr. Norris has exhausted his administrative remedies:**

Mr. Norris submitted his request for compassionate release to the warden in December 2020. His request was denied. Because 30 days has passed since the warden received Mr. Norris' request, he has exhausted her administrative remedies and may seek relief from this Court. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

### III. Compassionate Release after the First Step Act.

Section 3582(c)(1)(A)(i) authorizes this Court, on a defendant's motion, to reduce a prison sentence "after consideration of the factors set forth in section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction." While the statute also references consideration of the applicable policy statement, the Sixth Circuit has held that policy statement in the United States Sentencing Guideline § 1B1.13 does not apply to compassionate release motions filed by defendants. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

When a motion for compassionate release is filed by a defendant, and not by the Director of the Bureau of Prisons, the district court must engage in a two-step analysis. "At step one, a court must 'find[ ]' whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Jones*, 980 F.3d at 1107-1108. Next, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### IV. Mr. Norris has extraordinary and compelling reasons warranting a reduction in his sentence.

Mr. Norris' extraordinary and compelling reasons consist of his medical conditions which puts him at great risk of severe complications from COVID-19. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

These circumstances combine to satisfy the extraordinary and compelling requirement of 18 U.S.C. § 3582(c)(1) and permit this Court to consider whether the § 3553(a) factors warrant a

4

reduction in her sentence.

### a. Medical conditions:

Mr. Norris' medical conditions and health services are detailed in his motion for compassionate release. (R. 45: Motion, pp. 15-18). ███████████████

███ The Government agrees that Mr. Norris' has at least two medical conditions that would create an increased risk of severe illness from COVID-19. (R.46: Response). The Centers for Disease Control and Prevention (CDC) warn these conditions may make an individual more likely to get severely ill from COVID-19. Furthermore, studies have shown that "there was increased risk of in hospital mortality among patients with multiple comorbidities."[1]

FCI Beckley is still reporting positive cases among inmates and staff.[2] Now with the COVID-19 variants spreading at a faster rate than the initial version of the virus, it is only a matter of time before the variant(s) breach the walls of the BOP and infection rates against inmate rises again. What is known, is that social distancing and maintaining a sanitary environment are safe and effective ways of protecting yourself against contracting the virus. These are things Mr. Norris cannot do while incarcerated.

### b. ███████████████████████████



---

[1] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html
[2] https://www.bop.gov/coronavirus/ (updated daily)
[3] ███████████████████████████████████

[redacted]

V. **Mr. Norris' 3553(a) factors support a reduction in his sentence.**

Mr. Norris is not the same person he was when he first appeared before this Honorable Court. Mr. Norris knows that his prior choices have resulted in a path that he wants to change. Mr. Norris has learned that his choices not only impact his life, but those around him, including his family. [redacted]

[redacted] As an adult, he chose poor company to keep and was not able to disassociate. Mr. Norris has the support of his fiancée, Desiree Hoinowski, his mother and his children. Ms. Hoinowski plans on working with her contacts to secure employment for Mr. Norris. Mr. Norris aspires to open his own barber shop and has the support of his family to achieve that dream if released. (Exh. C: Letter of Support).

---

4 [redacted]



Mr. Norris' focus now has been on his religion and his family. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ If released, Mr. Norris would connect with his grandmother. He plans to live with Ms. Hoinowski, and in addition to his career aspirations, he wants to be there for his family and care for his grandmother.

The time Mr. Norris has served in prison is long enough to provide sufficient punishment, promote respect for the law, and provide adequate deterrence. *See* 18 U.S.C. § 3553(a). Mr. Norris requests this Court grant him a reduction in his sentence as permitted by 18 U.S.C. § 3582(c)(1)(A). He has demonstrated extraordinary and compelling circumstances to justify a reduction in a custodial sentence and his 3553(a) factors support her request.

---

5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Khalida A. Sims*
KHALIDA A. SIMS
Attorney at law
Ohio Bar: 0090054
Office of the Federal Public Defender
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856 Fax:(216)522-4321
E-mail: khalida_sims@fd.org